UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT A DOANE,<br>　　　　Plaintiff,<br>vs.<br><br>FREEDOM FOREVER<br>CALIFORNIA LLC,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL OF ACTION

TO:　Clerk's Office
　　United States District Court
　　One Court House Way
　　Boston, MA 02210

　　Clerk's Office
　　Cambridge District Court
　　4040 Mystic Valley Parkway
　　Medford, MA 02155

　　Mr. Robert A. Doane
　　103 Prospect Street
　　Wakefield, MA 01880

1.　**Notice of Removal**.　Defendant, Freedom Forever California, LLC ("FFC") hereby removes to this Court the above-styled state court action (the "State Court Action" or "Action") described herein pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(2)(A)(ii).　As set forth below, the State Court Action is removable because there is complete diversity of citizenship, the minimum amount in controversy exceeds $75,000, and this Notice of Removal has been timely filed.　Concerning the requirement of complete diversity, see paragraph no. 2

below. With regard to the amount in controversy, see below at paragraph nos. 3-8. And concerning the timeliness of filing this Notice of Removal, see below at paragraph no. 9.

2.     **Complete Diversity**. There is complete diversity between Plaintiff, Robert A. Doane, who is a citizen of the Commonwealth of Massachusetts, as shown by the Amended Complaint in the State Court Action, Exhibit "A" hereto, at paragraph no. 2, and the Defendant FFC. Plaintiff Doane states at paragraph no. 2 of the Amended Complaint that he "is an individual residing at 103 Prospect Street, Wakefield, Massachusetts 01880…". Accordingly, Plaintiff Doane is a citizen of the Commonwealth of Massachusetts for purposes of diversity of citizenship. As alleged in the Amended Complaint at paragraph no. 3, the Defendant, FFC, is organized under the laws of the State of California with a principal place of business at 43445 Business Park Drive, Suite 104, Temecula, CA 92590. Accordingly, FFC is a citizen of the State of California for purposes of diversity of citizenship. As such, the requirement of diversity of citizenship is satisfied.

3.     **Amount in Controversy**. The amount in controversy here, judged by a preponderance of the evidence, *see Source One Financial Corp. v. GEICO Indemnity Co.*, 539 F. Supp. 3d 218, 220 (D. Mass. 2021), exceeds the sum or value of $75,000. The Amended Complaint (Ex. "A") adds, among other new claims, a claim under G.L. c. 93A for treble damages, which the original Complaint (Ex. "B") lacks.

4.     Although in the Amended Complaint, Ex. "A," page 18, paragraph no. 9, Plaintiff Doane purports to cap his damages at $50,000, Plaintiff also states that:

> Plaintiff, in any event, expressly reserves his right to recover multiples of damages, if so entitled, exceeding the procedural amount of $50,000, although Plaintiff expressly states that he shall not seek, nor shall he accept, damages over $75,000, excluding interest and costs, and Plaintiff expressly limits his damages to no more than $75,000.

2

5.      Under 28 U.S.C. § 1446(b)(3). if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." The initial Complaint here (Ex. "B"), did not include a claim under G.L. c. 93A under which a plaintiff may claim and be entitled to up to three times actual damages. However, on December 15, 2023, Plaintiff Doane filed and served the Amended Complaint (Ex. "A"), which added a claim for treble damages under G.L. c. 93A. Specifically, at page 15, paragraph no. 92 of the Amended Complaint, as part of the allegations in support of his claim entitled "Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A," Plaintiff Doane, alleges: "Plaintiff is entitled to an award of his actual damages, and not less than doubling and up to trebling of his damages as punitive damages for failing to respond with a reasonable offer."

6.      Treble damages under G.L. c. 93A are permitted and even mandated under certain circumstances. *See* G.L c. 93A, § 9(3) ("if the court finds for the petitioner, recovery shall be in the amount of actual damages ... or up to three times but not less than two times such amount....").

7.      The rule in the First Circuit and in this District is that "the amount in controversy may include statutory multipliers of damages and statutory attorney's fees." *Niedzinski v. Cooper,* 2019 WL 4396806, *2 (D. Mass. Aug. 14, 2019), *report and recommendation adopted sub nom. Niedzinski v. Nationstar Mortg. LLC,* 2019 WL 4396772 (D. Mass. Sept. 11, 2019) ("amount-in-controversy calculation may include statutory multipliers of damages and statutory attorneys' fees") (citing *Romulus v. CVS Pharmacy, Inc.,* 770 F.3d 67, 82 (1st Cir. 2014) (treble damages under the Wage Act resulted in a damages estimate sufficient to

meet the threshold amount of $5 million for removal of class action to federal court); *Baker v. Equity Residential Management, L.L.C.*, 996 F. Supp. 2d 1, 7 (D. Mass. 2014) ("The plaintiffs seek treble damages under Mass. Gen. L. c. 93A, § 9(3), which may be included in the jurisdictional minimum calculation."); *Santos v. Preferred Mut. Ins. Co.*, 2014 WL 1921246, *4 n.2 (D. Mass. 2014) ("Plaintiffs have asserted a colorable claim for treble damages under Mass. Gen. Laws ch. 93A, a potential award that can be included in calculating the amount in controversy.") (citing *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010)).

8.    Taking the "no more than $75,000" in alleged damages in the Amended Complaint, and then trebling that amount as permitted and as pled here under Chapter 93A, the amount in controversy is at least $225,000, which easily exceeds the $75,000 requirement for removal by 28 U.S.C. § 1332(a) (amount in controversy in diversity of citizenship case must "exceed[] the sum or value of $75,000"), and 28 U.S.C. § 1441(b) (removal requirements track the diversity of citizenship requirements including the $75,000 of § 1332(a)).

9.    **Timely Filed**.  The first date on which FFC could remove the State Court Action was Friday, December 15, 2023, when FFC was served with a copy of the Amended Complaint.  The was the first time a claim under G.L. c. 93A was part of the State Court action.  A copy of the Amended Complaint is attached hereto as Exhibit "B."  See Count IV, at pages 14-16 for the newly asserted 93A claim.  For the service date for the Amended Complaint, see the Certificate of Service at page 20, which is December 15, 2023. This Notice of Removal has been filed well within 30 days of the December 15, 2023, service of the Amended Complaint.

10.   **Conclusion.** As the requirements for federal diversity jurisdiction are met, removal is proper under 28 U.S.C. § 1441(a).

11.    **Venue Is Proper**.  Under 28 U.S.C. § 1441(a) and Local Rule 40.1 venue of the removed action is proper in this Court as the district where the State Court Action is pending. and in this Eastern Division because Plaintiff Doane, who resides in Wakefield, County of Middlesex, Massachusetts, is located in the Eastern Division.   See Ex. "A," Amended Complaint, ¶ 2 ("residing at 103 Prospect Street, Wakefield, Massachusetts").

12.    **Documents Attached.**   Pursuant to 28 U.S.C. § 1441(a), FFC is filing the following documents herewith, and these documents are all the pleadings and process served upon it: (i) Amended Complaint (Exhibit "A"), (ii) Complaint (Exhibit "B"); (iii) Summons (Exhibit "C"); and (iv) all other documents filed or served except discovery (Exhibit "D').

13.    **Documents to Follow**.  Pursuant to Local Rule 81.1 Defendants will arrange to file in the Court certified copies of all records and proceedings in the State Court Action, along with a certified copy of the docket entries, within 28 days.

FREEDOM FOREVER CALIFORNIA LLC,
By its attorneys,

*/s/ Michael C. Gilleran*
Michael C. Gilleran (BBO No. 192210)
FISHERBROYLES, LLP
75 State Street, Suite 100
PMB 4418
Boston, MA 02109
Direct: 781.489.5680
Mobile: 339.237.1384

Dated: December 22, 2023

## Certificate of Service

The undersigned hereby certifies that he today served the foregoing document on Plaintiff Pro Se Mr. Doane in this matter by email, as follows:

Mr. Robert A. Doane

103 Prospect Street
Wakefield. MA 01880
Email: robertdoane@rcn.com

.

/s/ *Michael C. Gilleran*
Michael C. Gilleran

Dated: December 22, 2023